UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JACQUELINE A. WARNER**, <br> Plaintiff, <br> v. <br> **CMG MORTGAGE INC, ET AL.**, <br> Defendants. | Case No. 15-cv-01835-YGR <br><br> **ORDER GRANTING MOTIONS TO DISMISS** <br> Re: Dkt. Nos. 46, 52, 55 |

*Pro se* plaintiff Jacqueline Warner filed this action on April 23, 2015. (Dkt. No. 1.) After defendants moved to dismiss, she filed an amended complaint on June 12, 2015. (Dkt. No. 34 ("FAC").) Plaintiff asserts three claims: (1) violation of the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq*. ("TILA") and 12 C.F.R. § 226.23(d)(1)-(3); (2); violation of TILA § 1635(b) and 12 C.F.R. § 226.23(d)(1)-(3); and (3) breach of fiduciary duty.[1] Thereafter, defendants Orange Coast Title Company ("Orange Coast"), CMG Mortgage Inc. ("CMG"), and Ally Bank and Ally Financial Inc. (collectively, the "Ally Defendants") filed motions to dismiss. (Dkt. Nos. 46, 52, 55.)[2] In apparent opposition thereto, plaintiff began filing largely unintelligible notices of "non-

---

[1] The third count also references 15 U.S.C. § 1635(f), 12 C.F.R. § 226.23(d)(1)-(2), and California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq*. ("UCL"). The Court construes "Count III" as in fact asserting two claims—one for breach of fiduciary duty and one for violation of the UCL.

[2] CMG filed a request for judicial notice pursuant to Federal Rule of Evidence 201 along with its motion, seeking notice of (1) the docket and various filings in plaintiff's bankruptcy case, *Jacqueline Anne Warner*, U.S. Bankruptcy Court, Northern District of California, Case Number 09-33436; and (2) an order from the U.S. Bankruptcy Court for the Southern District of New York. (Dkt. No. 56.) Orange Coast filed a request for judicial notice of certain publicly recorded real property documents relating to the subject property. (Dkt. No. 47.) Finally, the Ally Defendants filed a request for judicial notice as to similar categories of documents (a bankruptcy docket and filings and a recorded document). (Dkt. No. 53.) Plaintiff objected to a number of these documents purportedly on grounds of "authenticity," however the explanations for the objections instead turn on plaintiff's interpretation of their legal force, not their authenticity. (Dkt. Nos. 61, 65, 67.) In certain instances, plaintiff claims a filing in her bankruptcy case was

consent." (*See, e.g.*, Dkt. Nos. 50, 57, 58.) The Court's July 7, 2015 Order required plaintiff to file a single opposition brief of no more than 25 pages addressing the legal arguments contained in the motions to dismiss. (Dkt. No. 60.) Thereafter, plaintiff filed a combined opposition brief. (Dkt. No. 64.)

Having carefully considered the papers submitted, the operative complaint, the record in this case, and good cause shown, the Court **GRANTS** defendants' motions to dismiss.

## I. BACKGROUND

On November 9, 2007, plaintiff obtained a $1 million line of credit from defendant CMG, secured by a deed of trust recorded against her residential property at 10 Emerald Lake Place, Redwood City, California 94062 (the "subject property"). (FAC ¶ 7; *see also* Dkt. No. 47, Exh. 1.)[3] On June 29, 2009, plaintiff mailed a notice of rescission to defendants CMG and Ally Bank. (FAC ¶ 8.) Defendants took no action to vacate the rescission in the subsequent twenty-one days. (FAC ¶ 12.) Thereafter, dismissed defendant GMAC Mortgage, LLC issued a notice of default and the subject property was sold, with escrow agent Orange Coast apparently transferring $1,021,506 from the sale proceeds to Ally Bank (via GMAC) to pay off the loan balance (including interest) on November 20, 2012. (FAC ¶¶ 17-18, 28.) Plaintiff alleges the sale, at a "29% discount off of market value," resulted from a scheme involving GMAC, Ally Bank, Orange Coast, the buyer, and the real estate agents involved in the transaction—including plaintiff's family friend who approached her and served as the listing agent. (FAC ¶¶ 19-21.) Plaintiff claims the non-judicial foreclosure process pressured her to complete the transaction. (FAC ¶ 18.) Attached to the complaint is a November 5, 2012 loan payoff statement regarding the subject

---

"fraudulent," having purportedly been filed without her consent in those proceedings. (Dkt. No. 67.) In another, she claims a grant deed was "signed under duress." (*Id*.) Nevertheless, she does not claim the documents submitted are not accurate copies of the public records in question. Thus, the Court **GRANTS** the requests for judicial notice. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) ("[A] court may take judicial notice of 'matters of public record.'"). While noting the existence of the documents in the public record, the Court does not necessarily accept the truth of the matters asserted therein.

[3] For purposes of this motion, the Court generally accepts as true the factual allegations—but not the legal conclusions—of the FAC, and also considers matters properly subject to judicial notice.

property that is signed as "read and approved" by plaintiff, "with Reservation of All Rights," indicating the total payoff amount as $1,050,022.76, with interest accruing on a daily basis at the rate of $26.11. (FAC, Exh. A.)

On April 23, 2015, plaintiff filed this action, requesting the Court "confirm and validate that rescission was complete by operation of law on June 29, 2009." (FAC ¶ 10.) After preliminary motion practice, she amended her complaint and the instant motions followed.

## II. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). All allegations of material fact are taken as true. *Johnson v. Lucent Techs., Inc.*, 653 F.3d 1000, 1010 (9th Cir. 2011). To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Pursuant to Rule 12(b)(6), a complaint may be dismissed against a defendant for failure to state a claim upon which relief may be granted against that defendant. Dismissal may be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (citing *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984)). For purposes of evaluating a motion to dismiss, the court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). Any existing ambiguities must be resolved in favor of the pleadings. *Walling v. Beverly Enters.*, 476 F.2d 393, 396 (9th Cir. 1973).

However, mere conclusions couched as factual allegations are not sufficient to state a cause of action. *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *see also McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988). The complaint must plead "enough facts to state a claim [for] relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable

3

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Thus, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

## III. DISCUSSION

### A. Orange Coast's Motion

Defendant Orange Coast moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and Rule 8, which specifies that pleadings must contain "a short and plain statement" of the grounds for jurisdiction, the claim, and the relief sought.

As to the TILA claims (Counts I and II), the FAC does not appear to allege those claims against Orange Coast, which was not a creditor based on the facts alleged. *See* 15 U.S.C. § 1602(g). Thus, the Court need not reach the substance of Orange Coast's argument as to these counts.

As to "Count III,"[4] for breach of fiduciary duty and violation of the UCL, the factual allegations in the complaint do not plausibly support the claims. As a preliminary matter, plaintiff concedes she executed a payoff statement that, on its face, implicitly authorized escrow agent Orange Coast to transfer the funds in question to the lender. Moreover, plaintiff's bare allegation that Orange Coast and the other defendants were involved in a conspiracy against her with the assistance of her family friend and real estate agent without specific supporting factual allegations is not plausible. To the extent the amended allegations suggest "a unified course of fraudulent conduct and rel[ies] entirely on that course of conduct as the basis of a claim[,] . . . the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04, 1106 (9th Cir. 2003) (holding "the circumstances constituting the alleged fraud [must] be specific enough to give defendants notice of the particular misconduct [alleged] so that they can defend against the charge and not just deny that they have done anything wrong" (internal

---

[4] As noted above, the Court construes "Count III" as two counts.

4

quotations and citations omitted)).

Plaintiff alternatively contends that her vague notation of "Reservation of All Rights" upon signing the payoff statement should have informed Orange Coast that she was not in fact authorizing the payment.[5] This argument does not persuade nor does it support the cause of action actually alleged. "[T]he fiduciary relationship between plaintiff [purchaser] and defendant [escrow holder] is limited to defendant carrying out the escrow instructions." *Lee v. Escrow Consultants, Inc.*, 210 Cal. App. 3d 915, 921 (Cal. Ct. App. 1989); *see also Lee v. Title Ins. & Trust Co.*, 264 Cal. App. 2d 160, 163 (1968) ("[I]t is generally held that no liability attaches to the escrow holder for his failure to do something not required by the terms of the escrow or for a loss incurred while obediently following his escrow instructions."). Here, plaintiff has not alleged a failure by Orange Coast to follow any specific instructions.

Thus, Orange Coast's motion is **GRANTED**. Leave to amend is liberally granted. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Chodos v. West Pub. Co.*, 292 F.3d 992, 1003 (9th Cir. 2002). One exception to this general rule of permissiveness, however, is where amendment would be futile. *Foman*, 371 U.S. at 182; *Smith v. Pac. Props. & Dev. Corp.*, 358 F.3d 1097, 1101 (9th Cir. 2004). In light of the allegations in the FAC, plaintiff cannot amend the complaint so as to properly assert Counts I or II against Orange Coast. Because it would be futile to grant leave to amend as to these claims, the dismissal is **WITH PREJUDICE**. As to "Count III," the Court cannot determine at this time that leave to amend would be futile, but the Court declines to entertain those state law claims in the absence of any surviving federal claims where, as here, the suit is before this Court on federal-question jurisdiction. *See Wade v. Reg'l Credit Ass'n*, 87 F.3d 1098, 1101 (9th Cir. 1996) ("Where a district court dismisses a federal claim, leaving only state claims for resolution, it should decline jurisdiction over the state claims and dismiss them without prejudice."). Consequently, "Count III" as asserted against Orange Coast is **DISMISSED WITHOUT PREJUDICE**. Plaintiff can decide whether to assert the state law claims of "Count III" in state

---

[5] Plaintiff's allegation that she "disputed" the payoff demand is apparently premised solely on the "reservation of all rights" proviso and not any other communication to Orange Coast.

5

court.

**B. Ally Defendants' Motion**

The Ally Defendants moved, pursuant to Rule 12(b)(6), to dismiss the FAC on the grounds that it fails to state a claim against them. (Dkt. No. 52.)[6] Specifically, they argue plaintiff unsuccessfully raised her current claim in bankruptcy court and is therefore now barred under the doctrine of res judicata from further pursuing the claim before this Court. (*See* Dkt. No. 53 ("Ally RJN"), Exh. 2.)

Res judicata, or claim preclusion, operates to bar subsequent litigation "whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (internal quotations omitted). "California, as most states, recognizes that the doctrine of res judicata will bar not only those claims actually litigated in a prior proceeding, but also claims that could have been litigated." *Castle v. Mortgage Elec. Registration Sys., Inc.*, CV 11-00538, 2011 WL 3626560 (C.D. Cal. Aug. 16, 2011) (citing *Palomar Mobilehome Park Ass'n v. City of San Marcos*, 989 F.2d 362, 364 (9th Cir. 1993)); *see also Pey v. Wachovia Mortg. Corp.*, CV 11-2922, 2011 WL 5573894, * 8 (N.D. Cal. Nov. 15, 2011) (res judicata bars "any subsequent suit on claims that . . . could have been raised in a prior action.") (citing *Cell Therapueutics, Inc. v. Lash Group, Inc.*, 586 F.3d 1204, 1212 (9th Cir. 2010)). If the claims arise out of the "same transactional nucleus of fact" as litigated in the prior matter res judicata precludes re-litigating those claims. *Int'l Union v. Karr*, 994 F.2d 1426, 1430 (9th Cir. 1993). Pursuing new legal theories does not create a new cause of action sufficient to avoid res judicata. *Boateng v. Interamerican Univ., Inc.*, 210 F.3d 56, 62 (1st Cir. 2000). Res judicata "has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his

---

[6] The Ally Defendants also argue the Court lacks subject matter jurisdiction over this case due to a bankruptcy case in the Southern District of New York that purportedly resulted in an injunction against actions such as the plaintiff's against the Ally Defendants. However, other than citing to the bankruptcy court's orders, the Ally Defendants point to no legal authority in support of their proposition that the bankruptcy court's actions deprive this Court of subject matter jurisdiction over the instant dispute. The Court need not conduct legal research for the defendants.

6

privy and of promoting judicial economy by preventing needless litigation." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979). Because "[r]es judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding[, it] thus encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes." *Brown v. Felsen*, 442 U.S. 127, 131 (1979) (internal citations omitted). Finally, "[t]here is no compelling reason, however, for requiring that the party asserting the plea of res judicata must have been a party, or in privity with a party, to the earlier litigation." *Bernhard v. Bank of Am. Nat. Trust & Sav. Ass'n*, 19 Cal. 2d 807, 812 (Cal. 1942).

Here, the bankruptcy court addressed in detail and dismissed claims arising from the same transactions at issue in the instant complaint; indeed, the court addressed the same claims asserted here. (*See generally* Ally RJN, Exh. 2.) Plaintiff does not explain the basis for her characterization of the bankruptcy decision as "expunged" and "moot," but she is perhaps referring to a subsequent decision by the Supreme Court that in her view calls into question the basis for the bankruptcy court's decision. Nevertheless, while such an occurrence might be grounds to seek reconsideration in the court in question, it does not automatically moot the earlier decision. Thus, the Ally Defendants' motion is **GRANTED**. *See United States v. Coast Wineries*, 131 F.2d 643, 648 (9th Cir. 1942) ("[A]n order disallowing a claim in bankruptcy is binding and conclusive on all parties or their privies, and being in the nature of a final judgment, furnishes a basis for a plea of res judicata."). Because leave to amend as to these defendants would be futile, the dismissal is **WITH PREJUDICE**. *See Siegel v. Fed. Home Loan Mortgage Corp.*, 143 F.3d 525, 528-29 (9th Cir. 1998) (holding a borrower's action against a lender was barred by the res judicata effect of a related bankruptcy proceeding). To the extent plaintiff seeks reconsideration of the bankruptcy court's order in light of subsequent developments in the law, such a motion should be directed, if in accordance with applicable rules, to that court.

### C. CMG's Motion

CMG's Rule 12(b)(6) motion to dismiss is premised primarily on two grounds: (1) that judicial estoppel bars plaintiff's claim where she affirmed in her personal bankruptcy proceedings

7

under penalty of perjury that she had no claims against her creditors; and (2) that her claims are barred by the doctrine of res judicata based on the Southern District of New York decision discussed above. Because dismissal is proper under the second ground for the same reasons noted with respect to the analysis of the Ally Defendants' motion, CMG's motion is **GRANTED** and the claims against CMG are **DISMISSED WITH PREJUDICE**.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** defendants' motions and the FAC is **DISMISSED WITHOUT LEAVE TO AMEND**. The federal law TILA claims (Counts I and II) are **DISMISSED WITH PREJUDICE** and the remaining claims ("Count III"), arising under state law, are **DISMISSED WITHOUT PREJUDICE**. Plaintiff may attempt to assert her state law claims in state court. Defendants shall submit a joint proposed form of judgment by **December 3, 2015**.

This Order terminates Docket Numbers 46, 52, 55.

**IT IS SO ORDERED.**

Dated: November 24, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**