# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JACQUELINE A. WARNER**, <br> Plaintiff, <br> v. <br> **CMG MORTGAGE INC, ET AL.**, <br> Defendants. | Case No. 15-cv-01835-YGR <br><br> **ORDER DENYING MOTION FOR RECONSIDERATION** <br><br> Re: Dkt. No. 82 |

On November 24, 2015, the Court granted defendants' motions to dismiss *pro se* plaintiff Jacqueline Warner's claims without leave to amend. (Dkt. No. 80.) On December 2, 2015, prior to the entry of judgment, plaintiff filed a motion for reconsideration of the November 24, 2015 Order. (Dkt. No. 82.)

This Court's Civil Local Rule 7-9(b) requires a party seeking reconsideration of an order to "specifically show reasonable diligence in bringing the motion and one of the following":

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b).

Plaintiff's failure to file a motion for leave to file a motion for reconsideration is grounds for denying the motion. *See Phase Forward Inc. v. Adams*, No. 05-CV-4232-JF, 2007 WL 2471486, at *1 (N.D. Cal. Aug. 30, 2007) (finding a party's "request for reconsideration is

procedurally deficient because [the party] did not first seek leave to file the request as required by Local Rule 7-9(a)"). Nevertheless, in light of plaintiff's *pro se* status, the Court construes the motion as one for leave. None of the three grounds warranting leave to file a motion for reconsideration are satisfied. Plaintiff has identified no new law or facts. To the extent any of the authority cited by plaintiff was not included in her numerous prior filings, she has not demonstrated reasonable diligence justifying her failure to timely present those authorities. Finally, to the extent they are intelligible, the Court previously considered and properly rejected plaintiff's repeated arguments. Plaintiff has also failed to establish any of the grounds for relief enumerated in Federal Rule of Civil Procedure 60(b). As such, the motion is **DENIED**.

This Order terminates Docket Number 82.

**IT IS SO ORDERED.**

Dated: January 6, 2016

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**